IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


NATIONWIDE MUTUAL INSURANCE COMPANY,

       **Plaintiff,**

v.                   //    CIVIL ACTION NO. 1:12CV81
                               (Judge Keeley)

CHRISTOPHER LUCARIA, JAMES SHORT,
MICHAEL SHORT, BRIDGET SHORT, and
DAVID M. SHORT,

       **Defendants.**


**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S
MOTION TO DISMISS [DKT. NO. 12] AND
DISMISSING THE CASE WITHOUT PREJUDICE**

Pending before the Court is the plaintiff's unopposed Motion to Dismiss pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. (Dkt. No. 12). For the reasons that follow, the Court **GRANTS** the plaintiff's motion and dismisses the case without prejudice (Dkt. No. 12).

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Nationwide Mutual Insurance Company "Nationwide" filed this declaratory judgment action on May 14, 2012 against defendants Christopher Lucaria ("Lucaria"), James Short, Michael Short, David Short, Bridget Short (from time to time "the Short defendants"), James Zirkle ("Zirkle"), and Dawn Carder ("Carder"). It seeks a declaration that it is not obligated to provide

**NATIONWIDE MUTUAL INSURANCE COMPANY v. LUCARIA**, et al     1:12CV81

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S
MOTION TO DISMISS (DKT. NO. 12) AND
DISMISSING THE CASE WITHOUT PREJUDICE**

insurance coverage for the claims asserted against the defendants by Lucaria in the state court action (Dkt. No. 1 at 1-3).

On January 12, 2012, Lucaria filed an action against the Short defendants, Zirkle, and Carder in the Circuit Court of Harrison County, West Virginia. (Dkt. No. 1-1 at 1-6). Lucaria's complaint alleges that, on or about November 5, 2008, he was attacked by James Short.  On the day of the incident, James Short was driving a vehicle owned by Bridget and David M. Short that was insured by Nationwide. (Dkt. No. 1 at 2).  Lucaria's claims against Bridget and David Short, in particular, are for negligent entrustment. Lucaria's claims against the remaining Short defendants and Zirkle and Carder are that they engaged in a joint venture to attack members of the general public. (Dkt. No. 1-1 at 5).

In its complaint, Nationwide asserts that it does not owe an obligation to provide any coverage for claims that may be asserted against the Short defendants in the state court action, since the injuries complained of by Lucaria did not arise from the use, maintenance or ownership of a motor vehicle insured by Nationwide and because Nationwide was not given notice of the suit. (Dkt. No. 1 at 2). Defendants filed an answer with this Court on September 28, 2012  (dkt. No. 9), in which they assert that

2

**NATIONWIDE MUTUAL INSURANCE COMPANY v. LUCARIA**, et al    **1:12CV81**

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S
MOTION TO DISMISS (DKT. NO. 12) AND
DISMISSING THE CASE WITHOUT PREJUDICE**

Nationwide is responsible for covering claims that may be asserted against them in the state action. Id.

On May 6, 2013, the Circuit Court of Harrison County entered a final dismissal order in the state case that dismissed all claims against James Short and Bridget Short, the defendants insured by Nationwide.   Lucaria v. James Short, et al, Circuit Court of Harrison County, West Virginia, Civil Action No. 10-C-510. In response to the dismissal order, Nationwide sent defendant Bridget Short a Stipulation of Dismissal on May 9, 2013, which she never executed. After receiving no response from Bridget Short regarding the Stipulation of Dismissal, Nationwide filed an unopposed Motion to Dismiss pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure in this case on August 14, 2013.

## II.   STANDARD OF REVIEW

Rule 41(a)(2) of the Federal Rules of Civil Procedure allows a plaintiff, with the Court's permission and subject to the terms the Court deems proper, to dismiss an action without prejudice at any time.  The purpose of this rule is "freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987).  District courts have discretion to decide whether a motion for voluntary dismissal

**NATIONWIDE MUTUAL INSURANCE COMPANY v. LUCARIA**, et al     1:12CV81

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S
MOTION TO DISMISS (DKT. NO. 12) AND
DISMISSING THE CASE WITHOUT PREJUDICE**

should be granted.  Id.  In deciding such a motion, the district court must "focus primarily on protecting the interests of the defendants" and preventing the defendants from suffering from plain legal prejudice.  Id.

### III. DISCUSSION

The Court agrees that the judgment entered in the state court case renders moot the case filed by Nationwide. The state court entered a Final Dismissal Order that dismissed all claims against James and Bridget Short, Nationwide's insureds.  The defendants thus have no claims for reimbursement against Nationwide, and Nationwide therefore need seek no declaration regarding any coverage obligation owed to the Short defendants. Thus, the Court finds that dismissing this case would not burden or prejudice the defendants in any way.

### IV. CONCLUSION

For the reasons discussed, the Court **GRANTS** the plaintiff's motion to dismiss (Dkt. No. 12), and **ORDERS** that Nationwide's complaint be **DISMISSED WITHOUT PREJUDICE** and removed from the Court's active docket.

It is **SO ORDERED.**

4

**NATIONWIDE MUTUAL INSURANCE COMPANY v. LUCARIA**, **et al**    **1:12CV81**

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S
MOTION TO DISMISS (DKT. NO. 12) AND
DISMISSING THE CASE WITHOUT PREJUDICE**

Pursuant to Fed. R. Civ. P. 58, the Court **DIRECTS** the Clerk of

the Court to enter a separate judgment order and to transmit copies

of both Orders to counsel of record.

DATED: October 3, 2013

                                    /s/ Irene M. Keeley
                                    IRENE M. KEELEY
                                    UNITED STATES DISTRICT JUDGE